UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA MITCHELL,

    Plaintiff,

v.                                          Hon. Jane M. Beckering

CAPITAL ONE, N.A.,                  Case No. 1:25-cv-1347

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Joshua Mitchell, proceeding pro se, initiated this action against Capital One, N.A. on November 3, 2025. Invoking the Court's diversity jurisdiction, Mitchell alleges that Capital One violated the Michigan Occupational Code (MOC), Mich. Comp. Laws. § 339.101 *et seq.* by, among other things, communicating with a third party concerning Mitchell's alleged debt without his authorization. (ECF No. 1 at PageID.3)

Having granted Mitchell's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and to confirm that the action is within the Court's jurisdiction. Based on this review, I recommend that the Court dismiss this action without prejudice for lack of subject matter jurisdiction. Alternatively, I recommend that the Court dismiss this action for failure to state a claim.

### I. Background

Mitchell owed a debt to Capital One. He alleges no fact relating to the nature of the debt. That is, he does not allege that he incurred the debt "primarily for personal, family, or household purposes." Mich. Comp. Laws § 339.901(a). In any event, he claims that on November 22, 2024, the law firm of Weltman, Weinberg & Reis Co., L.P.A. sent a collection letter concerning a

separate Capital One account to his correct mailing address. (ECF No. 1 at PageID.2.) Mitchell alleges that despite Capital One's attorneys having determined his correct address in connection with the prior matter involving a wholly separate account, Capital One—not its attorneys—mailed a collection notice dated April 21, 2025, to Beyond Finance, a debt settlement company with which Mitchell had terminated all dealings as of October 2023. (*Id.*)  The notice demanded payment or a response by May 31, 2025, and contained Mitchell's personal account number and balance information. Mitchell alleges that Beyond Finance was not authorized to receive communications on his behalf and that Capital One had no reasonable basis to believe otherwise.[1] (*Id.* at PageID.3.)

On June 16, 2025, Capital One, through Weltman, Weinberg & Reis Co., L.P.A., sued Mitchell on the debt without ever sending him "the required written notice." Mitchell alleges that Capital One's disclosure to Beyond Finance and failure to provide "direct notice" deprived him of "statutory rights, damaged his reputation, disrupted his professional licensing process, and caused anxiety, embarrassment, and financial loss." (*Id.*)

## II.  Lack of Subject Matter Jurisdiction

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Regardless of whether the parties raise the issue, a federal court is obligated to examine its subject

---

[1] In fact, Mitchell's own allegations suggests that Capital One had a reasonable basis to assume that Beyond Finance was still representing Mitchell. Mitchell acknowledges that Beyond Finance had represented him in the past in settling debts, and he does not allege that he or anyone else ever notified Capital One that he had terminated his relationship with Beyond Finance.

matter jurisdiction sua sponte. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998).

As noted, Mitchell alleges that the Court has diversity jurisdiction over this matter. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ." 28 U.S.C. § 1332(a). Mitchell's allegations do not meet one of these requirements. To be sure, Mitchell alleges diversity of citizenship based on his allegation that he is a Michigan citizen and the Capital One is a national banking association with its principal place of business in Virginia. (*Id.* at PageID.2.) However, his allegation that "the amount in controversy exceeds $10,000 exclusive of interest and costs" falls short of the $75,000 jurisdictional threshold.

Elsewhere in his complaint, Mitchell alleges that he has sustained actual damages totaling $14,700.00, consisting of: (1) $5,900.00 for emotional distress, anxiety, and loss of sleep; (2) $7,600.00 for economic loss, including disrupted work and licensing opportunities; (3) $450.00 for postage, printing, research, and court costs; and (4) $750.00 for counseling and therapy expenses. (*Id.* at PageID.4.) In addition to these actual damages, Mitchell requests statutory damages and attorney fees pursuant to Mich. Comp. Laws § 339.916(2). This provision allows for recovery of actual damages *or* $50.00, whichever is greater. If the court finds that the violation was wilful, it may award a civil penalty of not less than three times the actual damages, or $150.00, whichever is greater. Costs and attorney's fees shall also be awarded.

The statute provides for an award of either actual or statutory damages, but not both. Because Mitchell's actual damages are greater than statutory damages, he stands to recover a total of $44,100.00 if a court determines that the violation was wilful and his actual damages are trebled. As for attorney's fees, however, Mitchell is proceeding pro se and is not entitled to an award of

3

attorney's fees. *See Cooper v. Vidor*, No. 94-1699, 1995 WL 49107, at *2 (6th Cir. Feb. 7, 1995) ("Pro se litigants are not entitled to recover attorney's fees." (citing *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) (per curiam))); *West-Bowlson v. Sun West Mortg. Co.*, No. 23-cv-12105, 2025 WL 1462451, at *3 (E.D. Mich. Apr. 29, 2025), *report and recommendation adopted*, 2025 WL 1462541 (E.D. Mich. May 21, 2025) ("Because [the plaintiff] is proceeding pro se, she may not recover attorney's fees."). Therefore, the Court may not consider attorney's fees in determining its jurisdiction.

Because the amount in controversy falls short of the jurisdictional threshold by more than $30,000.00, I recommend that the Court dismiss this action without prejudice for lack of subject matter jurisdiction.

### III. Failure to State a Claim

I also recommend, in the alternative, that the Court dismiss the complaint for failure to state a claim.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

4

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Here, even construing the complaint liberally in light of Mitchell's pro se status, he fails to state a claim against Capital One for violation of the MOC. First, Capital One does not fit the MOC's definition of a "collection agency," which is "a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another[.]" Mich. Comp. Laws § 339.901(b). Moreover, the definition specifically excludes from its scope "[a] state or nationally chartered bank that collects its own claims." *Id.* § 339.901(b)(*ii*). Capital One is a nationally chartered bank collecting its own claim. Mitchell's claim thus fails for this reason alone.[2]

---

[2] Mitchell alleges that Capital One violated the Michigan Collection Practices Act (MPCA), but he relies on provisions under the MOC. Under the MCPA, Capital One qualifies as a "regulated person" because it is "a state or federally chartered bank that collects its own claim." Mich. Comp. Laws § 445.251(1)(g)(*ii*); *see also Euesden v. Bank of Am., N.A.*, No. 19-11059, 2019 WL 2336644, at *5 (E.D. Mich. June 3, 2019). However, like the MOC, the MCPA's list of prohibited acts addresses only communications with the debtor and the debtor's employer or employer's agent. Nothing therein addresses communications to third parties who are not the debtor's employer/employer's agent. Moreover, the balance of Mitchell's allegations would fail under the MCPA for the same reasons they fail under the MOC.

Mitchell also fails to allege that Capital One engaged in any conduct that actually violated the MOC. In his sole claim, he alleges that Capital One: (1) violated Mich. Comp. Laws § 339.918(1)(c) by communicating with Beyond Finance without authorization; and (2) "misrepresented Beyond Finance's authority to act for [Mitchell]" and used "deceptive or unfair means to collect a debt" in violation of Mich. Comp. Laws § 339.918(1)(n) and (o). (*Id.*) As to the first alleged violation, Section 339.918 contains no provision prohibiting a collection agency from communicating with a third party. Section 339.915, which pertains to prohibited acts, does prohibit certain types or forms of communications with a debtor and with a debtor's employer or employer's agent, Mich. Comp. Laws § 339.915(a), (g), (h), (i), (r), but nothing therein addresses communications with third parties who are not the debtor's employer or employer's agent. As for the second set of violations, Section 339.918 does not contain the provisions Mitchell cites in his complaint. Moreover, Mitchell fails to explain how, by erroneously sending a notice to Beyond Finance, Capital One misrepresented anything to Mitchell or anyone else. Last, the complaint contains no facts supporting Mitchell's legal conclusion that Capital One engaged in "deceptive or unfair means" to collect a debt.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court dismiss this matter without prejudice for lack of subject matter jurisdiction. Alternatively, I recommend that the Court dismiss the matter for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an

arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  November 6, 2025                                     /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

    OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).